UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-334-FDW
(3:06-cr-118-FDW-2)

| | |
|---|---|
| SEAN TREMAIN PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will be dismissed as successive.

## I.     BACKGROUND

On July 13, 2006, Petitioner pled guilty to one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g), and aiding and abetting the others in the possession of such firearms, in violation of 18 U.S.C. §§ 924(e) and 2. Petitioner was sentenced to a term of 180-months' imprisonment and he appealed to the United States Court of Appeals for the Fourth Circuit, however his appeal was dismissed on the Government's motion based on the explicit appeal waiver which Plaintiff agreed to in his written plea agreement. See United States v. Phillips, No. 08-4471 (4th Cir. Dec. 11, 2008).

On May 9, 2013, Petitioner filed a § 2255 motion contending that his trial counsel was ineffective in failing to explain the consequences of his decision to plead guilty. The Court found that the § 2255 motion was untimely and that the Petitioner presented no just grounds that could

1

support equitable tolling of the one-year limitation period under any provision of 28 U.S.C. § 2255(f). Petitioner's § 2255 motion was dismissed and he did not appeal and the time for doing so has long since expired.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this second § 2255 motion, Petitioner contends that he is entitled to relief based on the Supreme Court cases of Descamps v. United States, 133 S. Ct. 2276 (2013), and Apprendi v. United States, 530 U.S. 466 (2000), among other authority. Petitioner also renews his argument that his counsel was ineffective in advising him to plead guilty rather than proceed to contest the charges at trial. (3:14-cv-334, Doc. No. 1 at 2).

Petitioner's ability to collaterally attack his sentence is specifically limited by the Antiterrorism and Effective Death Penalty Act (AEDPA) which provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the instant § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of his successive § 2255 motion. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v.Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under § 2255 is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 20, 2014

Frank D. Whitney
Chief United States District Judge